**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**RASHMIN BAROT,**

    Plaintiff,

v.                                               Case No. 8:25-cv-01307-WFJ-SPF

**DIRECTOR, U.S. CITIZENSHIP
AND IMMIGRATION SERVICES,**

    Defendant.
_____/

## ORDER

Before the Court is Defendant U.S. Citizenship and Immigration Services' Motion to Dismiss the Complaint. Dkt. 17. Plaintiff Rashmin Barot has failed to respond in opposition after being directed by the Court to do so. Dkt. 18. After careful consideration, the Court grants Defendant's motion to dismiss.

## BACKGROUND

This dispute arises from Plaintiff Barot petitioning the U.S. Citizenship and Immigration Services ("USCIS") for employment authorization while awaiting adjudication of an underlying petition for a U-visa. Dkt. 1 at 1. After a substantial delay in deciding those petitions, Plaintiff seeks an order from this Court directing USCIS to issue a *bona fide* determination on his pending visa and related work authorization. *Id.* Plaintiff is an Indian national who has been living in the United

States for the past 3 years. *Id.* ¶ 14. On October 11, 2024, Plaintiff filed a Form I-918, Petition for U Nonimmigrant Status. *Id.* ¶ 16. Plaintiff also submitted related filings, including a Form I-765, Application for Employment Authorization ("Form I-765"), and Forms I-918 Supplement A, Petition for Qualifying Family Member ("Form I-918A"), for his derivative family members. *Id.* ¶¶ 17, 20. Plaintiff's qualifying family members also filed their own Form I-765. *Id.* ¶ 22. Since filing these forms, there has been no *bona fide* determination made by the USCIS. *Id.* ¶ 25. Plaintiff claims this delay is "harmful." *Id.* ¶ 27.

On May 22, 2025, Plaintiff filed suit under the Administrative Procedure Act, 5 U.S.C. § 706(1) ("APA"), seeking an order from this Court compelling "USCIS to make *bona fide* determinations and decisions on the pending work authorization applications within 14 days." *Id.* ¶ 112. Before coming to this Court, Plaintiff first filed his complaint in the District of Nebraska. *See Barot v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25-CV-101, 2025 WL 1208968, at *1 (D. Neb. Apr. 25, 2025); *see also* Dkt. 9 (showing Notice of Pendency of Other Actions). In this prior case, Senior United States District Judge John M. Gerrard dismissed Plaintiff's complaint for lack of subject matter jurisdiction on April 25, 2025. *Barot*, 2025 WL 1208968, at *2. On October 16, 2025, Defendant timely filed the instant motion to dismiss, arguing Plaintiff's claim has already been adjudicated, and the discretionary nature

of the relief sought requires dismissal of this action for lack of subject matter jurisdiction. Dkt. 17 at 10.

## LEGAL STANDARD

As an initial matter, *pro se* litigants' filings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This liberal reading, however, does not exempt *pro se* plaintiffs from the pleading standards outlined in the Federal Rules of Civil Procedure or the Local Rules of the Middle District of Florida. *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005); *Caton v. Louis*, No. 2:07-CV-32-FtM-99SPC, 2007 WL 9718731, at *1 (M.D. Fla. Feb. 21, 2007). Moreover, a district court may not serve as a *pro se* plaintiff's "*de facto* counsel" or "rewrite an otherwise deficient pleading. . . ." See *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in a light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir.

2008) (citation modified) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The Court need not accept as true any bare legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Subject matter jurisdiction must be established before a case can proceed on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). This is because "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). It is presumed that a federal court lacks jurisdiction in a case until the plaintiff demonstrates the court has jurisdiction over the subject matter. *See id.* (first citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799), then citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182–83 (1936)). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citation modified). A defendant may challenge subject matter jurisdiction facially or factually. *See Douglas v. United States*, 814 F.3d 1268, 1274–75 (11th Cir. 2016). A facial attack requires the court to examine the complaint, taken as true, to determine whether the plaintiff has sufficiently alleged a jurisdictional basis. *See id.* at 1274. The Court construes Defendant's challenge to subject matter jurisdiction as a facial attack. Dkt. 17 at 11.

4

# DISCUSSION

For the reasons discussed below, the Court grants Defendant's motions to dismiss. As pled, the Court finds that the doctrine of collateral estoppel applies, as Plaintiff is attempting to litigate a jurisdictional issue that was fully litigated in a previous action.

"Collateral estoppel precludes a party from litigating an issue in a subsequent action if that issue was fully litigated in a previous action." *Dailide v. U.S. Att'y Gen.*, 387 F.3d 1335, 1342 (11th Cir. 2004) (citation omitted). Indeed, collateral estoppel "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 (1979). For the doctrine to apply, four elements must be satisfied: "(1) the issue at stake is identical to the one involved in the prior proceeding; (2) the determination of the issue in the prior litigation must have been 'a critical and necessary part' of the judgment in the first action; (3) the issue was actually litigated in the prior proceeding; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Dailide*, 387 F.3d at 1342 (citation omitted).

Here, Defendant has sufficiently shown that the doctrine of collateral estoppel applies to this case. First, Plaintiff's APA claim leads to the same jurisdictional issue

5

that was previously litigated in the District of Nebraska. In the prior case, Plaintiff alleged "that agency action has been unreasonably delayed, and ask[ed] the [Nebraska] Court to order USCIS to make a decision on the work authorization application within 14 days, by determining both whether the plaintiff has filed a '*bona fide*' U-visa petition and whether to issue employment authorization documents." *Barot*, 2025 WL 1208968, at *1. Senior Judge Gerrard examined the text of 8 U.S.C. § 1184(p)(6) and determined that since the Secretary of Homeland Security's decision whether to grant work authorization is discretionary, the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B)(ii) applies. *Id.* at *2; *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) ("[N]o court shall have jurisdiction to review . . . any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security."); 8 U.S.C. § 1184(p)(6) (emphasis added) ("The Secretary *may* grant work authorization to any alien who has a pending, *bona fide* application for nonimmigrant status under section 1101(a)(15)(U) of this title.").[1]

---

[1] The Court makes no determination on whether the bar on jurisdiction extends not only to USCIS's substantive decision to grant or deny work authorization under § 1184(p)(6), but also to the USCIS's timing on such decisions. As another district court has noted, federal courts across the country are split on whether the jurisdictional bar applies. *See Patel v. Noem*, 788 F. Supp. 3d 950, 955–56 (N.D. Ill. 2025) (collecting cases on the split between federal courts on whether the use of the word "may" in § 1184(p)(6) confers discretion that strips federal courts of jurisdiction). The Court declines to wade into this complex statutory interpretation issue, as the doctrine of collateral estoppel is enough to resolve the pending motion to dismiss. Moreover, Senior Judge Gerrard considered the split in authority between federal courts and still found a lack of subject-matter jurisdiction. *See Barot*, 2025 WL 1208968, at *2 n.1.

In this case, Plaintiff once again alleges that there is a "harmful" delay by the USCIS when considering his U-visa petition and employment authorization and seeks an order from this Court compelling "USCIS to make *bona fide* determinations and decisions on the pending work authorization applications within 14 days." Dkt. 1 ¶¶ 26, 33, 112. As such, Plaintiff's single APA claim raises the same jurisdictional issue that the Nebraska district court previously considered and fully resolved.

Second, there is no doubt that the jurisdictional question in the prior litigation was a critical and necessary part of the judgment in the first action, as the prior case examined whether a federal court could compel the USCIS to make a *bona fide* decision on Plaintiff's pending applications and found that a federal court could not after examining the relevant statutory provisions. *See Barot*, 2025 WL 1208968, at *2. ("The decision the plaintiff seeks to compel and, more importantly, the process by which that determination is made, are squarely discretionary . . . As such, judicial review of the plaintiff's claim is barred by [8 U.S.C.] § 1252(a)(2)(B)(ii).").

As to the final two collateral estoppel elements, the jurisdictional issue was actually litigated in the prior proceeding, as evidenced by Senior Judge Gerrard's well-reasoned decision, and there is nothing in this record to suggest Plaintiff did not have a full and fair opportunity to litigate this jurisdictional question in the prior

proceeding. Therefore, because Plaintiff unsuccessfully litigated the jurisdictional issue in Nebraska, this Court is constrained by collateral estoppel from doing so.

## CONCLUSION

Because the Court finds that Plaintiff is collaterally estopped from relitigating jurisdiction, it will dismiss the Complaint under Rule 12(b)(6) without addressing Defendant's remaining arguments. *See* Dkt. 17 at 13–24. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant USCIS's Motion to Dismiss, Dkt. 17, is **GRANTED.**
2. Plaintiff Barot's Complaint, Dkt. 1, is **DISMISSED**.
3. The Clerk is directed to **TERMINATE** all pending deadlines and **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on January 15, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Plaintiff, *Pro se*